PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

IN THE UNITED STATES DISTRICT COURT

FOR THE __SOUTHERN__ DISTRICT OF TEXAS

__HOUSTON__ DIVISION

20-1036

United States Courts
Southern District of Texas
FILED

MAR 23 2020

David J. Bradley, Clerk of Court

PETITION FOR A WRIT OF HABEAS CORPUS BY
A PERSON IN STATE CUSTODY

__LAWYER JOLLEY__
PETITIONER
(Full name of Petitioner)

__JOHN WYNN UNIT__
CURRENT PLACE OF CONFINEMENT

vs.

__TDCJ-ID #01302584__
PRISONER ID NUMBER

__4:20 CV 1036__
CASE NUMBER
(Supplied by the District Court Clerk)

__LORIE DAVIS, DIRECTOR__
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**What are you challenging?** (Check all that apply)

- ☐ A judgment of conviction or sentence, probation or deferred-adjudication probation. (Answer Questions 1-4, 5-12 & 20-25)
- ☐ A parole revocation proceeding. (Answer Questions 1-4, 13-14 & 20-25)
- ☒ A disciplinary proceeding. (Answer Questions 1-4, 15-19 & 20-25)
- ☐ Other: _____ (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
Note: In answering questions 1-4, you must give information about <u>the conviction for the sentence you are presently serving</u>, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: _____

    181ST JUDICIAL DISTRICT COURT OF RANDALL COUNTY, TEXAS

2. Date of judgment of conviction: MAY 5TH, 2005

3. Length of sentence: 35 YEARS

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: 16160 B (COURT NUMBER ON INDICTMENT)

    4 COUNTS OF AGGRAVATED ROBBERY, COUNT I - 15 YRS.; COUNT II - 15 YRS.; COUNT III - 15 YRS.; COUNT IV - 35 YRS; CONCURRENT

-2-

5. What was your plea? (Check one)  ☐ Not Guilty   ☐ Guilty   ☐ Nolo Contendere

6. Kind of trial: (Check one)   ☐ Jury   ☐ Judge Only

7. Did you testify at trial?   ☐ Yes   ☐ No

8. Did you appeal the judgment of conviction?   ☐ Yes   ☐ No

9. If you did appeal, in what appellate court did you file your direct appeal? _____

   _____ Cause Number (if known): _____

   What was the result of your direct appeal (affirmed, modified or reversed)? _____

   What was the date of that decision? _____

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Grounds raised: _____

   _____

   Result: _____

   Date of result: _____ Cause Number (if known): _____

   If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: _____

   Date of result: _____

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.   ☐ Yes   ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: _____

    Nature of proceeding: _____

    Cause number (if known): _____

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court: _____

Grounds raised: _____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: _____

Nature of proceeding: _____

Cause number (if known): _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:

_____

Grounds raised: _____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?   ☐ Yes   ☐ No

    (a) If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _____

_____

    (b) Give the date and length of the sentence to be served in the future: _____

_____

–4–

Have you filed or do you intend to file a document attacking the judgment for the sentence you must serve in the future? ☐ Yes ☐ No

**Parole Revocation:**

13. Date and location of your parole revocation: _____

14. Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation? ☐ Yes ☐ No

    If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon?
    ☒ Yes ☐ No

16. Are you eligible for release on mandatory supervision? ☐ Yes ☒ No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation: JOHN WYNNE UNIT, 810 FM 2821, HUNTSVILLE, TEXAS 77349

    Disciplinary case number: 20190180844

    What was the nature of the disciplinary charge against you? POSSESSION OF CONTRABAND

18. Date you were found guilty of the disciplinary violation: 03/28/2019

    Did you lose previously earned good-time days? ☒ Yes ☐ No

    If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing: 300 DAYS

    Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:
    60 DAYS COMMISSARY RESTRICTION; 60 DAYS OFFENDER TELEPHONE SYSTEM (OTS) RESTRICTION; 45 DAYS CELL RESTRICTION; REDUCED LINE CLASS FROM S3 TO LINE 1; 300 DAYS GOOD TIME LOST; CUSTODY DOWNGRADE FROM G2 (GENERAL POPULATION) TO G5 (CLOSED CUSTODY)

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?
    ☒ Yes ☐ No

    If your answer to Question 19 is "Yes," answer the following:

    Step 1 Result: NO REASON WARRENT TO OVERTURN THE CASE.

Step 2 Result: <u>ALL DUE PROCESS REQUIREMENTS WERE SATISFIED, PUNISHMENT WITHIN GUIDELINES</u>

Date of Result: <u>06/11/2019</u>

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    <u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

A. **GROUND ONE:** <u>VIOLATION OF DUE PROCESS UNDER THE FOURTEENTH AMENDMENT.</u>

   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): <u>ON 03/22/2019, PETITIONER, LAWYER JOLLEY, TDCJ-ID #01302584, HEREINAFTER, PETITIONER, WAS GIVEN A DISCIPLINARY CASE FOR POSSESSION OF CONTRABAND, NAMELY, AN "UNKNOWN SUBSTANCE" USED FOR SMOKING, BY OFFICER M. MACEDO, LEIUTENANT. PETITIONER WAS PLACED IN PRE-HEARING DETENTION, ON 03/25/2019, UNDER INVESTIGATION, RECEIVING NOTICE OF A DISCIPLINARY CASE BY COUNSELOR SUBSTITUTE WORKING MY CASE, MS.E. CROWLEY. MS. E. CROWLEY THEN TOLD PETITIONER OF A VIDEO SHOWING PETITIONER POSSESSING CONTRABAND. AT THAT TIME, PETITIONER REQUESTED, THROUGH MS. E. CROWLEY, TO REVIEW THE VIDEO BEING USED AGAINST HIM TO BUILD A DEFENSE; PETITIONER WAS TOLD NO. AT THE START OF THE HEARING, ON 03/28/2019, PETITIONER WAS ASKED BY THE DISCIPLINARY HEARING OFFICER, HEREINAFTER, DHO, IF I HAD A (CON'T PAGE 6A)</u>

B. **GROUND TWO:** <u>INSUFFICIENCY OF EVIDENCE</u>

   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): <u>THE CASE, ITSELF, WAS FOR "POSSESSION OF CONTRABAND", AND PETITIONER WAS NOT FOUND IN PHYSICAL POSSESSION OF ANY CONTRABAND BY THE CHARGING OFFICER, LT. M. MACEDO; NOR WAS ANY CONTRABAND FOUND IN PETITIONER'S PERSONAL PROPERTY, CELL, OR HOUSING AREA OF A2 ON THE WYNNE UNIT, ON 03/22/2019. WITH THE INCLUSION OF THE FACT THAT NO CONTRABAND WAS PRODUCED AT THE HEARING, NOR A PHOTOGRAPH THEREOF, AS POLICY STATES INVOLVING A CHARGE OF POSSESSION OF CONTRABAND; AND NO VIDEO BEING PRODUCED AS WELL, THERE WAS INSUFFICIENT EVIDENCE TO SUBSTANTIATE A FINDING OF GUILT. IN ADDITION TO THIS, IN BEING CHARGED WITH POSSESSION OF AN "UNKNOWN SUBSTANCE", BUT, STILL, SAYING ITS CONTRABAND, NAMELY, AN ITEM NOT SOLD TO AN OFFENDER FROM COMMISSARY, IS ALMOST CONTRADICTORY TO SOME EXTENT. LT. M. MACEDO, THE CHARGING OFFICER, ADMITS, HERSELF, THAT IT WAS "UNKNOWN"; DUE TO THE FACT THAT SHE WAS NOT PRESENT AT THE TIME AND DATE OF INCIDENT. SO WITH THAT AND NO WITNESS TESTIMONY OF DIRECT KNOWLEDGE, IT CANNOT BE KNOWN CONTRABAND WHEN THERE WAS NO WAY TO IDENTIFY SOMETHING OF CONTRABAND WAS THERE. (SEE MEMORANDUM OF LAW IN SUPPORT, ATTACHED)</u>

-6-

STATEMENT, OR WHY DIDN'T I HAVE A STATEMENT, BUT WANTED TO KNOW ABOUT THE VIDEO. THIS IS WHERE PETITIONER TOLD AN ALTERNATE SUBSTITUTE COUNSELOR, MS. D. BLACK, A SUBSTITUTE FOR HIS ORIGINAL COUNSEL, MS. E. CROWLEY, WHO KNEW NOTHING OF PETITIONER'S CASE, HOW COULD HE DEFEND HIMSELF AGAINST THE CHARGES WITHOUT SEEING OR KNOWING THE EVIDENCE BROUGHT AGAINST HIM. THE VIDEO WAS THE DISPOSITIVE ITEM OF PROOF WITH NO EYE WITNESS TESTIMONY DIRECTLY ACKNOWLEDGING THE INCIDENT, ON 03/22/2019, BY OFFICERS WORKING A2 HOUSING LOCATION, NOR ANY PHYSICAL EVIDENCE BEING PRODUCED. THE VIDEO WAS NEVER VIEWED DURING PETITIONER'S HEARING BY THE DHO, PETITIONER, NOR COUNSELOR SUBSTITUTE. PETITIONER WAS GIVEN 60 DAYS COMMISSARY RESTRICTION; 60 DAYS OFFENDER TELEPHONE SYSTEM RESTRICTION; 45 DAYS CELL RESTRICTION; REDUCED LINE CLASS FROM A S3 TO LINE 1; AND 30 DAYS GOOD TIME LOST. ON 03/29/2019, THIS CASE RESULTED IN PETITIONER HAVING A DOWNGRADE IN CUSTODY LEVEL FROM A G2 (GENERAL POPULATION) TO A G5 (CLOSED CUSTODY). WHILE PETITIONER UNDERSTANDS THAT PUNISHMENT MAY NOT BE DEEMED ATYPICAL AND SIGNIFICANT HARDSHIP IN RELATION TO THE ORDINARY INCIDENTS OF PRISON LIFE, BEING TAKEN OUT OF GENERAL POPULATION AND PLACED IN CLOSED CUSTODY, PETITIONER WAS PLACED IN 22 HOUR SOLITARY CONFINEMENT DAILY; BEING SELDOMLY PROVIDED WITH THE POLICY STATED 2 HOURS RECREATION; A DRASTIC REDUCTION FROM 4-7 HOURS FOR GENERAL POP. PETITIONER'S COMMISSARY SPEND LIMIT WAS ALSO SUSPENDED FROM $95.00 AFFORDED TO GENERAL POP. TO $25.00 EVERY TWO WEEKS, AS WELL AS, BEING SUBJECTED TO ONLY 2 NON-CONTACT VISITS A MONTH IN RESTRAINTS, ENCLOSED IN A CAGE, FROM 4 VISITS (3 CONTACT, 1 NON-CONTACT) A MONTH, INCLUDED THEREIN, NO ACCESS TO THE OFFENDER TELEPHONE SERVICE SYSTEM AT ALL. FURTHERMORE, THIS CASE ON PETITIONER'S DISCIPLINARY RECORD WILL PLAY AN ATYPICAL AND SIGNIFICANT HARDSHIP WHEREAS PETITIONER IS ASSIGNED ON THE WYNNE UNIT UNDER A "HARDSHIP TRANSFER" CONDITION FOR HIS FAMILY AND SAID "HARDSHIP TRANSFER" WILL BE REVOKED DUE TO A DISCIPLINARY INFRACTION, RESULTING IN A TRANSFER OF PETITIONER TO A UNIT INCAPABLE OF TRAVEL FOR HIS FAMILY; WHICH HAS PREVIOUSLY HAPPENED TO PETITIONER WHEN HE WAS ASSIGNED TO THE HUNTSVILLE UNIT UNDER "HARDSHIP TRANSFER" CONDITION, IN JULY 2011, AND WAS TRANSFERED TO LYNAUGH UNIT AFTER RECEIVING A DISCIPLINARY INFRACTION AND HAVING HIS "HARDSHIP TRANSFER" REVOKED. IN ADDITION TO THIS, THIS CASE WILL ALSO PLAY AN ATYPICAL AND SIGNIFICANT HARDSHIP WHEN PETITIONER SEES THE PAROLE OFFICIALS; AS HE HAS NO MANDATORY SUPERVISION RELEASE DATE, WHILE PAROLE IS NOT A CONSTITUTIONAL GUARANTEE, A FULL AND FAIR REVIEW FOR PAROLE DOES RAISE A LIBERTY INTEREST. PETITIONER IS ENTITLED TO HAVE HIS DISCIPLINARY RECORD CLEARED OF THIS IMPROPER AND UNFAIR CHARGE. (SEE MEMORANDUM OF LAW IN SUPPORT, ATTACHED)

C. **GROUND THREE:** _____

_____

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

D. **GROUND FOUR:** _____

_____

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

21. Relief sought in this petition: OVERTURN THE CONVICTION AND EXPUNGE MY DISCIPLINARY RECORD OF SAID CASE, AS WELL AS, RESTORING GOOD TIME CREDIT LOST AND CUSTODY LEVEL BACK TO G2, LINE CLASS S3.

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?   ☐ Yes   ☒ No
If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

_____ N/A _____

_____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?   ☐ Yes   ☒ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
☒ Yes   ☐ No

If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

THE STATE OF TEXAS DOES NOT PROVIDE FOR CHALLENGING DISCIPLINARY

CASES VIA ART. 11.07, TEX. CODE OF CRIM. PROC., HABEAS CORPUS

STATUTE AND THEREFORE PETITIONER IS PROPERLY BEFORE THIS COURT
UNDER § 22.54.

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☒ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____

_____ N/A _____

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a)   At preliminary hearing: MS. E. CROWLEY  (COUNSEL SUBSTITUTE)

   (b)   At arraignment and plea: MS. E. CROWLEY  (COUNSEL SUBSTITUTE)

   (c)   At trial: MS. BLACK  (COUNSEL SUBSTITUTE, ALTERNATE)

   (d)   At sentencing: MS. BLACK  (COUNSEL SUBSTITUTE, ALTERNATE)

   (e)   On appeal: NONE

   (f)   In any post-conviction proceeding: NONE

-8-

(g) On appeal from any ruling against you in a post-conviction proceeding: __N/A__

**Timeliness of Petition:**

26. If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

    PETITIONER FEELS HE IS WITHIN THE TIME LIMITATIONS OF THE AEDPA IN THIS CASE.

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

  (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

__03-06-2020__ (month, day, year).

Executed (signed) on __03-06-2020__ (date).

_____
Signature of Petitioner (required)

Petitioner's current address: __JOHN WYNNE UNIT, 810 FM 2821, HUNTSVILLE, TEXAS, 77349__

-10-

## MEMORANDUM OF LAW

### GROUND ONE: VIOLATION OF DUE PROCESS

In the case in question, I was charged with "Possession of Contraband", from an alleged incident that transpired on 03/22/2019. When I was approached by the counsel substitute, whom is supposed to act on my behalf, unbiasly, I requested to review the evidence that was supposedly being used, namely, a video. The counsel substitute then stated to me, "No" you can't see the video. Upon going to my hearing, it was then a different substitute counsel to defend me. Again, a request to view the video was made, and, again, it was denied by both the disciplinary hearing officer and the counsel substitute. During the hearing, the only "evidence" to support the finding of guilt was the officer's report; not the so called video, nor the actual contraband were used, just the officer's report.

Now according to the Department of Texas' Criminal Justice Disciplinary Rules and Procedures it states: "If one or more of the charges involves possession of contraband, the items of contraband shall be produced at the hearing if the existence or nature of items cannot be satisfactorily established by any other means." Per TDCJ policy, pictures of all contraband are to be taken upon confiscation, and photographs attached to the disciplinary case. Furthermore, the description of the contraband was an "unknown substance used for smoking", but, yet, there was no proof of the "unknown substance"; no physical evidence, and the charging officer did not personally see or confiscate this substance.

An inmate has the right to have security videos viewed by the disciplinary board in considering whether the inmate violated prison rules. SEE: <u>Hoskins v. McBride</u> 202 F. Supp 2d 839, 845

In <u>Young v. Lynch</u> 846 F2d 960, 963 (4TH Cir. 1988) it states: "Due process may require production of evidence when it is the dispositive item of proof. It is critical to the inmates defense, it is in the custody of prison officials and it could be produced without impairing the institutional concerns."

<u>Constitutional Law</u> © 272(2) - <u>Prisons</u> © 13(7) states: "Prison disciplinary officers alleged reliance on officers testimony as sole basis for disciplinary charges

(CONTINUED...)

GROUND ONE: VIOLATION OF DUE PROCESS (CONTINUED...)

CHARGES WILL VIOLATE INMATES DUE PROCESS RIGHTS ONLY IF EXISTING EVIDENCE WAS IMPROPERLY WITHHELD AND HEARSAY OFFERED.

    THIS IS A PLAIN AND CLEAR VIOLATION OF DUE PROCESS AND MY CONSTITUTIONAL RIGHTS UNDER THE 14TH AMENDMENT. CLEAR AND EXISTING EVIDENCE, ACCORDING TO THE DISCIPLINARY HEARING OFFICER AND CHARGING OFFICER, EXISTED, BUT, YET, IMPROPERLY WITHHELD IT.

    U.S.C.A. CONST. AMEND. 14 SEE: <u>BRADY v. MARYLAND</u> 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. 2d 215 (1963) "REFUSAL TO GIVE PRISONER ACCESS TO VIDEOTAPE OF INCIDENT GIVING RISE TO DISCIPLINARY CHARGE "WAS NOT" HARMLESS VIOLATION OF "BRADY RIGHTS" IF STATE LACKED VALID SECURITY REASON FOR FAILING TO DISCLOSE TAPE AND TAPE, IN FACT, CONTAINED EXCULPATORY INFORMATION."

    THE CRUX OF THE VIOLATION IS THE DENIAL OF DUE PROCESS, BY THE HEARING OFFICER, BY NOT REVIEWING THE VIDEO, WHEN SAID VIDEO COULD HAVE BEEN A FACT FINDER OF GUILT OR EXHIBITED AS EXCULPATORY EVIDENCE TO SUBSTANTIATE MY INNOCENCE. NO ACTUAL PHYSICAL EVIDENCE WAS USED TO THE FINDING OF GUILT. THIS IS A BRADY VIOLATION BY ITSELF, AND THE "SOME EVIDENCE" RULE.

## MEMORANDUM OF LAW

GROUND TWO: SUFFICIENCY OF EVIDENCE

IN DETERMINING THE FACTUAL SUFFICIENCY OF THE ELEMENTS OF THE OFFENSE, THE REVIEWING COURT(S) VIEW ALL THE EVIDENCE IN A NEUTRAL LIGHT, RATHER THAN A LIGHT MOST FAVORABLE TO THE PROSECUTION AND SETS ASIDE THE VERDICT ONLY IF IT IS SO CONTRARY TO THE OVERWHELMING WEIGHT OF THE EVIDENCE AS TO BE CLEARLY WRONG OR UNJUST. CRIMINAL LAW ⓒ 1144.13 (2.1), 1159.2 (2).

ACCORDING TO THE "SOME EVIDENCE" RULE, SEE: BRADY V. MARYLAND 373 U.S. 83, 83 S.CT. 1194, 10 LED 2d 215 (1963), THE REQUIRING OF DISCLOSURE OF MATERIAL EXCULPATORY EVIDENCE, APPLIES TO PRISON DISCIPLINARY PROCEEDINGS. SEE: CHAVIS V. ROWE 643 F.2d 1281 (7TH CIR. 1981) "TO INSURE THAT THE DISCIPLINARY BOARD CONSIDERS ALL OF THE EVIDENCE RELAVENT TO GUILT OR INNOCENCE AND TO ENABLE THE PRISONER TO PRESENT HIS OR HER BEST DEFENSE." CITING CHAVIS V. ROWE.

FURTHERMORE, ON THE I-47 FORM FOR DISCIPLINARY PROCEDURES, WHERE IT STATES: "IF GUILTY, EVIDENCE PRESENTED, CONSIDERED AND REASONS FOR DETERMINATION OF GUILT, EXPLAIN IN DETAIL", THE DISCIPLINARY HEARING OFFICER STATES: "OFFICER'S REPORT, FAILURE TO REFUTE CHARGES." HOW COULD I REFUTE THE CHARGES PROPERLY WHEN THERE WAS NO PHYSICAL EVIDENCE? THE CLAIM OF VIDEO EVIDENCE WAS SAID, BUT NEVER REVIEWED, NOR USED FOR THE FINDING OF GUILT. WHEN THE VIDEO EVIDENCE WAS REQUESTED BY ME I WAS TOLD NO. AN OFFICER'S REPORT ALONE DOES NOT SATISFY THE "SOME EVIDENCE" RULE OR SUBSTANTIATE A FINDING OF GUILT. THERE WAS NO PHYSICAL EVIDENCE, PHOTO, OR VIDEO OF SAID CONTRABAND. "THE CRIME OF POSSESSION REQUIRES A PHYSICAL OR CONSTRUCTIVE POSSESSION WITH ACTUAL KNOWLEDGE OF THE PRESENCE OF THE NARCOTIC SUBSTANCE." CITING SHORTNANCY V. STATE 474 S.W. 2d 713. "THE BASELINE IS THAT PROOF AMOUNTING TO A STRONG SUSPICION OR EVEN PROBABILITY OF GUILT WILL NOT SUFFICE." CITING SHORTNANCY V. STATE 474 S.W. 2d 716. THE OFFICER WROTE THE CASE SEVERAL DAYS AFTER THE ALLEGED INCIDENT. OFFICER'S REPORT IS NOT "STAND ALONE" EVIDENCE OF GUILT.

TO FURTHER SOLIDIFY THE SUFFICIENCY OF EVIDENCE CLAIM MADE BY ME, I'M ENCLOSING EXIBIT A. WHICH IS THE I-47 FORM FOR DISCIPLINARY PROCEDURE(S).

SUFFICIENT EVIDENCE: "ADEQUATE EVIDENCE; SUCH EVIDENCE, IN CHARACTER, WEIGHT, OR AMOUNT AS WILL LEGALLY JUSTIFY THE JUDICIAL OR OFFICIAL ACTION DEMANDED; ACCORDING

(CONTINUED...)

GROUND TWO: SUFFICIENCY OF EVIDENCE (CONTINUED.)

TO CIRCUMSTANCES IT MAY BE "PRIMA FACIE" OR "SATISFACTORY" EVIDENCE, ACCORDING TO THE DEFINITIONS OF THOSE TERMS GIVEN ABOVE." CITING BLACKS LAW DICTIONARY. ACCORDING TO DEFINITION, MY CASE DID NOT HAVE SUFFICIENT EVIDENCE FOR FINDING OF GUILT. FOR FURTHER REVIEW OF SUFFICIENT EVIDENCE SEE: PEOPLE V. STERN 33 MISC. REP. 455, 68 N.Y.S. 732; MALLERY V. YOUNG 94 GA 804, 22 S.E. 142; PARKER V. OVERMAN 18 HOW. 141, 15 L.ED. 318; STATE V. NEWTON 33 ARK 284.

    V.T.C.A. PENAL CODE 7.02 (a)(2) - CRIMINAL LAW © 1159.6 "STANDARD FOR REVIEW IS SAME IN BOTH DIRECT AND CIRCUMSTANCIAL EVIDENCE CASES; CONVICTION BASED ON CIRCUMSTANCIAL EVIDENCE, HOWEVER, CANNOT BE SUSTAINED IF CIRCUMSTANCES DO NOT EXCLUDE EVERY OTHER REASONABLE HYPOTHESIS EXCEPT THAT OF DEFENDANT'S GUILT."

    IN CONCLUSION, WITH THE CHARGING OFFICER ADMITTING THAT THE "SUBSTANCE," SHE THOUGHT WAS CONTRABAND, WAS "UNKNOWN" WITHOUT PHYSICAL EVIDENCE TO SUPPORT, THE ACTUAL KNOWLEDGE OF THE PRESENCE OF A CONTRABAND ITEM COULD NOT BE CONFIRMED. THIS FACT COULD ONLY BE RELIED UPON AS CIRCUMSTANCIAL EVIDENCE DUE TO THE FACT THAT THE POSSIBILTY THAT THE "UNKNOWN SUBSTANCE" COULD HAVE BEEN AN ITEM SOLD TO OFFENDERS ON COMMISSARY, AND NOT A CONTRABAND ITEM, COULD NOT BE EXCLUDED AS A REASONABLE HYPOTHESIS.

Ex. A

TDCJ DISCIPLINARY REPORT AND HEARING RECORD

CASE: 20190100844  TDCJNO: 01302564  NAME: JOLLEY, LAWYER ANDREAS  SG: 12,9
UNIT: WY  HSNG: 8-4-1  21 S  JOB: PRE-HEARING DETENTION  ID: 112
CLSS: S3  CUST: G2  PRIMARY LANGUAGE: ENGLISH  LMHC RESTRICTIONS: NONE
CODE: MA / 16  OFF.DATE: 03/22/19 03:50 PM  LOCATION: WY A2 1 ROW
TYPE: ID

## OFFENSE DESCRIPTION

ON THE DATE AND TIME LISTED ABOVE, AND AT WY A2-1 ROW, OFFENDER: JOLLEY, LAWYER ANDREAS, TDCJ-ID NO. 01302564, DID POSSESS CONTRABAND, NAMELY, AN UNKNOWN SUBSTANCE USED FOR SMOKING.

CHARGING OFFICER: MACEDO, K. LT.  SHIFT/CARD: 1 H

OFFENDER NOTIFICATION; IF APPLICABLE INTERPRETER,
TIME/DATE NOTIFIED: 9:08a 3/27/19  BY: (PRINT) E. Crowley (?)
YOU WILL APPEAR BEFORE HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS NOTICE. DO YOU WANT TO ATTEND THE HEARING? YES  NO  IF NO, HOW DO YOU
PLEAD? GUILTY  NOT GUILTY
OFFENDER NOTIFICATION SIGNATURE: _____  DATE: 3/27/19
BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24 HOUR NOTICE AND AUTHORIZE THE HEARING OFFICER TO PROCEED WITH THE HEARING.
OFFENDER WAIVER SIGNATURE: _____  DATE: 3/27/19

## HEARING INFORMATION

HEARING DATE: 3/28/19  TIME: 11:55A  UNIT: WY  FOLDER: 26  FILE: 118  DSFILE: HSTC
COUNSEL SUBSTITUTE AT HEARING: _____  FOLDER  FILE  DSFILE
EXPLAIN BELOW BY NUMBER: (1) IF COUNSEL SUBSTITUTE WAS NOT PRESENT DURING PART HEARING, (2) IF ACCUSED OFFENDER WAS CONFINED IN PRE-HEARING DETENTION MORE THAN 72 HOURS PRIOR TO HEARING, (3) IF ACCUSED WAS EXCLUDED FROM ANY PART OF THE EVIDENCE STAGE, (4) IF ANY WITNESSES OR (5) DOCUMENTATION WAS EXCLUDED FROM HEARING (6) IF OFFENDER WAS DENIED CONFRONTATION AND/OR CROSS-EXAMINATION OF A WITNESS AT THE HEARING (7) IF HEARING WAS NOT HELD WITHIN SEVEN DAYS, EXCLUDING WEEK ENDS AND HOLIDAYS, FROM THE OFFENSE DATE AND, (8) IF INTERPRETER USED: (SIGNATURE) _____

OFFENDER STATEMENT: No Statement

OFFENSE CODES:  16.2
OFFENDER PLEA: (G, NG, NONE) | NG |
FINDINGS: (G, NG, DS) G |
REDUCED TO MINOR(PRIOR TO DOCKET) (DOCKET) (HEARING) BY:(INITIAL)
IF GUILTY, EVIDENCE PRESENTED, CONSIDERED, AND REASON(S) FOR DETERMINATION OF GUILT: A)ADMISSION OF GUILT, B)OFFICER'S REPORT, C)WITNESS TESTIMONY, D)OTHER. EXPLAIN IN DETAIL: _____

## PUNISHMENT

LOSS OF PRIV(DAYS) ___  REPRIMAND...........
*RECREATION(DAYS) ___  EXTRA DUTY(HOURS)....  REMAIN LINE 3........
*COMMISSARY(DAYS) 60  CONT.VISIT SUSP.THRU /  REDUC.CLASS FROM S3 TO L1
*PROPERTY(DAYS).. ___  CELL RESTR(DAYS)........ 45  GOOD TIME LOST(DAYS) 26
* CTS(DAYS).. 60  SPECIAL CELL RESTR(DAYS)  DAMAGES/FORFEIT $ ___
SPECIFIC FACTUAL REASON(S) FOR PARTICULAR PUNISHMENT IMPOSED: _____

CREDIT FOR PRE-HEARING DETENTION TIME? YES(DAYS) No  NO / NA
DATE PLACED IN PRE-HEARING DETENTION: ___  HEARING LENGTH ___ (MINUTES)
OFFENDER SIGNATURE FOR RECEIPT OF FINAL REPORT: X _____

_____  _____
HEARING OFFICER (PRINT)  WARDEN  REVIEWER SIGNATURE
(FORM I-47MA)CONTACT COUNSEL SUBSTITUTE IF YOU DO NOT UNDERSTAND THIS FORM.
(REV. 03-13) COMUNIQUESE CON SU CONSEJERO SUSTITUTO SI NO ENTIENDE ESTA FORMA

20-1036

MARCH 6TH, 2020

LAWYER JOLLEY #1302584
JOHN WYNNE UNIT
810 FM 2821
HUNTSVILLE, TX 77249

United States Courts
Southern District of Texas
FILED

MAR 23 2020

David J. Bradley, Clerk of Court

U.S. DISTRICT CLERK'S OFFICE
SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION
P.O. BOX 61010
HOUSTON, TX 77208-1010

RE: FILING OF WRIT OF HABEAS CORPUS: 28 USC § 22.54

DEAR U.S. DISTRICT CLERK:

HOW ARE YOU? I AM WRITING TO YOU TODAY IN TRYING TO FILE MY HABEAS CORPUS WRIT WITH YOU ALL. ENCLOSED IS MY $5.00 FILING FEE AND TWO COPIES OF MY WRIT OF HABEAS CORPUS: USC 28 § 22.54. IF YOU WOULD, COULD YOU PLEASE SEND ME A COPY OF MY FILED WRIT IN THIS SELF ADDRESSED STAMPED ENVELOPE I HAVE ALSO ENCLOSED IN CONFIRMATION OF THE FILING FOR MY RECORDS.

IN CLOSING, I APPRECIATE YOUR TIME AND THANK YOU FOR YOUR EFFORTS IN THIS MATTER. WITH RESPECT, I LEAVE YOU AS I CAME. GOD BLESS!

RESPECTFULLY,

Lawyer Jolley
LAWYER JOLLEY

LAWYER JOLLEY #1302584
JOHN WYNNE UNIT
810 FM 2821
HUNTSVILLE, TX 77349

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION
U.S. DISTRICT CLERK'S OFFICE
P.O. BOX 61010
HOUSTON, TX 77208-1010





United States Courts
Southern District of Texas
FILED
MAR 23 2020
David J. Bradley, Clerk of Court